UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD E. HALLA and DONALD E. HALLA ROTH IRA, | Case No. 19-CV-2097 (NEB/JFD) |
| Plaintiffs, | |
| v. | **ORDER ON DEFENDANT LIKEZEBRA, LLC'S MOTION TO COMPEL** |
| LIKEZEBRA, LLC; KEITH PHILLIPS; and CRAIG RICKARD, | |
| Defendants. | |

This matter is before the Court on Defendant LikeZebra, LLC's Motion to Compel (Dkt. No. 102). The Court intended to hold a motion hearing on Monday, February 7, 2022, but cancelled the hearing because Plaintiffs failed to comply with this Court's Local Rule 7.1 and file their response(s) to Defendant's Motion. (*See* Feb. 1 Order, Dkt. No. 109.) For the reasons set forth below, the Court grants in part and denies in part Defendant's Motion and defers any decision on sanctions to a later date.

**I.   BACKGROUND**

Pro se Plaintiffs Donald Halla and Donald E. Halla Roth IRA filed their Complaint in this action on August 2, 2019 (Dkt. No 1) and filed the operative Amended Complaint on June 10, 2020 (Dkt. No. 39). In their Amended Complaint, Plaintiffs allege that Defendants LikeZebra, LLC, Keith Phillips, and Craig Rickard asked Mr. Halla to invest in their business plan. (*Id.* ¶¶ 50–51; *see also* Pl.'s Ex. A, Dkt. No. 39-1.) After Mr. Halla declined to provide such an investment, Defendants then sought a loan from Mr. Halla

1

which he agreed to provide from both himself and from his Roth IRA, entering into two loan agreements with Defendants. (*Id.* ¶¶ 55–59; *see also* Pl.'s Ex. B, Dkt. No. 39-2; Pl.'s Ex. C, Dkt. No. 39-3.) Pursuant to those agreements, Defendants received Plaintiffs' loans. (Am. Compl. ¶¶ 61–62.) Alleging that Defendants have not honored those loan agreements, Plaintiffs bring causes of action for breach of contract and fraud and seek to pierce the corporate veil of LikeZebra, a limited liability company, in order to hold its members personally liable for the harms caused and resulting damages. (*Id.* ¶¶ 63–178). Plaintiffs seek compensatory damages and reimbursement of legal fees and costs. (*Id.* at 59–61.)

### A.   Procedural Posture

The parties have been in discovery since October of 2020. Fact discovery was originally set to close on July 13, 2021 (Pretrial Sched. Order at 1, Dkt. No. 52), but that deadline was later extended to May 13, 2022 (Am. Pretrial Sched. Order at 1, Dkt. No. 101). During this fact discovery period, Plaintiffs' counsel moved for an order permitting their firm to withdraw as counsel for Plaintiffs (Kretsch Law Office, PLLC Mot. at 1, Dkt. No. 81), which the Court granted (July 29 Order at 3, Dkt. No. 90). In its Order, the court gave Plaintiffs "until August 18, 2021, to either secure new counsel . . . or notify the Court in writing that they will proceed in this matter pro se[.]" (*Id.* at 4.) Plaintiffs did not file anything during August 2021.

On September 9, 2021, this Court issued an Order for a status conference to be held on September 27. (Sept. 9 Order, Dkt. No. 92.) Plaintiffs failed to appear at that status conference. (Sept. 27 Hr'g Mins., Dkt. No. 93.) The Court then issued an Order for the parties to indicate by "October 12, 2021, whether they wish to proceed to resolve their

discovery dispute by informal dispute resolution or by formal motion practice" and for Mr. Halla to "show good cause why he did not appear" for the September 27 status conference. (Oct. 4 Order, Dkt. No. 94.) Only Defendants responded by the October 12 deadline. (Defs.' Oct. 12 Letter, Dkt. No. 95.)

The Court issued a second Order requiring Plaintiffs, by November 12, 2021, to file a document notifying the Court whether they had retained counsel or were proceeding pro se, explaining their non-appearance at the September 27 status conference, and explaining their failure to comply with the Court's subsequent October 4 Order. (Oct. 13 Order at 1–2, Dkt. No. 96.) On November 15, 2021, the Court received a letter from Mr. Halla dated November 12, 2021, notifying the Court that he intended to proceed pro se on behalf of both Plaintiffs, and providing explanations for his failure to appear on September 27 and to respond to the Court's October 4 Order. (Pl.'s Nov. 12 Letter, Dkt. No. 97.)

The Court then held a status conference on January 5, 2022, at which all parties appeared. (Jan. 5, 2022 Status Conf. Mins., Dkt. No. 99.) At that conference, the parties determined that Defendant would file a discovery motion to which Plaintiffs would respond pursuant to the Court's Local Rule 7.1, and that the parties would meet-and-confer and report to the Court whether they needed an amended scheduling order. (*Id.*)

The parties subsequently filed a joint Stipulation to Amend the Pretrial Scheduling Order proposing that, *inter alia*, fact discovery's close be extended to May 13, 2022 (Stip. at 2, Dkt. No. 100), and the Court issued an Amended Pretrial Scheduling Order adopting the parties' Stipulation (Am. Pretrial Sched. Order at 1, Dkt. No. 101). Notably, the parties' Stipulation documented concerning facts regarding the discovery process to date. The

3

parties observed that Mr. Halla had failed to provide a response to Defendant's Interrogatories and Requests for Production of Documents ("RFPs") that it had served on Plaintiffs on May 10, 2021. (Stip. at 1.) Similarly, the parties noted that Mr. Halla had failed to appear for a noticed deposition scheduled on June 24, 2021. (*Id.*)

### B. Defendant LikeZebra, LLC's Motion to Compel

Defendant LikeZebra, LLC now brings this Motion asking the Court (1) to compel Plaintiffs to respond to LikeZebra's Interrogatories, RFPs, and Requests for Admission that have been outstanding since May of 2021; (2) to compel Plaintiffs to appear for a deposition; and (3) for appropriate sanctions. (Def.'s Mot. at 1.) In its accompanying Memorandum in Support of its Motion to Compel, LikeZebra also asks that Plaintiffs' objections to its discovery requests be considered waived. (Def.'s Mem. Supp. at 5–7, Dkt. No. 105.) LikeZebra also accompanied its Motion to Compel with a Meet-and-Confer Statement pursuant to Local Rule 7.1 of this District which "certif[ied] that on June 10, 2021, [Defendant's counsel] sent a meet-and-confer email to Plaintiffs' [then-]attorney David Mortensen regarding Plaintiff's outstanding and deficient discovery responses[,]" and that "[o]n July 6, 2021[,] [Defendant's counsel] conferred with Mr. Mortensen regarding Mr. Halla's scheduled deposition" and "Mr. Mortensen advised [Defendant's counsel] that Mr. Halla would not be attending the deposition." (Def.'s Meet-and-Confer Statement at 1, Dkt. No. 104.) LikeZebra also provided the Declaration of Vadim Trifel with accompanying exhibits when it filed its Motion, providing supporting materials that included the communications discussed in Defendant's Meet-and-Confer Statement above. (Trifel Decl. at 2, Dkt. No. 106.)

Pursuant to Local Rule 7.1 of this District, Plaintiffs had seven days after LikeZebra's filing of its Motion to Compel to file and serve a memorandum of law and any affidavits or exhibits. *See* D. Minn. LR 7.1(b)(2). LikeZebra filed its Motion on January 24, 2022, and, therefore, Plaintiff's responsive filings were due by seven days from that date, or by January 31, 2022. Despite the efforts of this Court and the willingness of defense counsel to extend the discovery period to maximize Mr. Halla's opportunity to litigate his case, Plaintiffs have failed to take advantage of that opportunity and to file a response to Defendant's Motion by the January 31 deadline.

## II.    GOVERNING LAW

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n.46 (1975)). "[A] litigant's pro se status does not excuse him from reading the Federal Rules of Civil Procedure." *In re Heyl*, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Pursuant to Federal Rule of Civil Procedure 26, parties are entitled to liberal discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts construe the scope of Rule 26(b)(1) broadly. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). However, the scope of discovery is not limitless; it includes what is relevant to the actual claims or defenses that

are at issue. *See Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021) (citation omitted).

The party that seeks discovery has the burden of making a threshold showing that the information sought is relevant to the claims or defenses in the case. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Then, "the party resisting production bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)).

Beyond being relevant, Rule 26 requires that information sought in discovery also be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors important to a court's proportionality analysis include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

When a requesting party believes its discovery requests are relevant and proportional, but a responding party has failed to provide the requested information, a requesting party may move a court to compel the responding party's production. Fed. R. Civ. P. 37. Again, once a threshold showing of relevance has been made by the requesting party, the burden of demonstrating why information need not be provided—and thus, why a court should deny a motion to compel—is on the party resisting disclosure. *Beseke v.*

*Equifax Info. Servs., LLC*, No. 17-CV-4971 (DWF/KMM), 2018 WL 6040016, at *4 (D. Minn. Oct. 18, 2018) (citation omitted).

## III. DISCUSSION

There is no question that, when parties are engaged in litigating a civil action, relevant discovery contemplated by the Federal Rules of Civil Procedure includes serving interrogatories, RFPs, requests for admission, and deposition notices upon the opposing party to explore the merits of the claims and defenses raised in the action. *See, e.g.,* Fed. R. Civ. P. 26(b)(2)(A), 27, 28, 30–35. Such requests are relevant and, within reason as set out by the Rules and by party and Court agreement, proportional.

In its Memorandum in Support of its Motion to Compel, LikeZebra argues that Plaintiffs "have failed to cooperate in the most basic discovery, or even attend a deposition." (Def.'s Mem. Supp. at 1.) LikeZebra notes it has served standard, relevant, and proportional discovery requests, including 16 requests for documents, 26 interrogatories, five requests for admission, and a notice of deposition of Mr. Halla. (*Id.* at 7.) Defendant notes that "at least seven months have elapsed from when Mr. Halla was noticed to be deposed and required to provide documents and information to LikeZebra[,]" and that, during those months, "Plaintiffs have repeatedly missed deadlines." (*Id.* at 5–6.) LikeZebra argues that it has been prejudiced because Plaintiffs have impaired its ability to determine the factual merits of Plaintiffs' claims, and that Plaintiffs' dilatory actions have added unnecessary costs to Defendant's litigation of this action. (*Id.* at 7.)

The Court holds that LikeZebra has met its burden under Rule 26 to show that the discovery it seeks is relevant to the claims and defenses at issue in this action. *Sherman,*

338 F.R.D. at 252 (citing *Hofer*, 981 F.2d at 380). The burden then shifts to Plaintiffs, but Plaintiffs—by filing no response—have failed to establish lack of relevancy or undue burden. *Inline Packaging*, 2016 WL 6997113, at *7 (citing *St. Paul Reinsurance*, 198 F.R.D. at 511).

The Court also holds that the discovery LikeZebra seeks is proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26, considering the fundamental importance of participating in answering interrogatories, RFPs, and requests for admission, and appearing for noticed depositions. Fed. R. Civ. P. 26(b)(1). Plaintiffs—by filing no response—have failed to even attempt to establish that LikeZebra's requests are disproportional.

Therefore, the Court grants Defendant's Motion to Compel in part as follows. Plaintiffs did not object to LikeZebra's Interrogatories and RFPs, so any objections Plaintiff may potentially have had are waived. As to Plaintiffs' untimely objections to LikeZebra's Requests for Admission, they are hereby overruled. Plaintiffs shall respond in full to LikeZebra's Interrogatories, RFPs, and Requests for Admission within 21 days of the date of this Order. Plaintiff shall also appear for his deposition at a date and time to be noticed by Defendant.

This leaves the issue of sanctions. LikeZebra asks this Court for an order awarding costs and fees pursuant to Federal Rule of Civil Procedure 37(a)(5). When a motion to compel is granted, a court should not order the payment of expenses when (1) the movant did not attempt to obtain the discovery without court involvement; (2) the opposition

party's position was substantially justified; or (3) an award would be unjust. Fed. R. Civ. P. 37(a)(5).

The Court declines to impose sanctions at this time because to do so would be unjust, primarily because LikeZebra did not try to resolve the discovery issues through the meet-and-confer process. It is true, as recounted above, that Plaintiffs have not responded to basic discovery requests, Plaintiff Halla did not appear for his own deposition without giving a reason, and Plaintiffs ignored multiple deadlines and multiple requests for status updates of this Court. Plaintiff briefly rallied and negotiated a new pretrial scheduling order with Defendants, but then returned to being noncommunicative.

Plaintiff is representing himself, and on that point, the Court notes that the most recent communications LikeZebra says it had about the discovery at issue in this Motion to Compel took place in July 2021, and were with Plaintiffs' former counsel, not with Mr. Halla.[1] LikeZebra appears not to have even attempted to meet-and-confer with Mr. Halla before filing this Motion to Compel. A party who meets-and-confers with opposing counsel approximately six months before bringing a motion to compel can hardly be said to have engaged in "a meaningful, pre-motion-filing exchange of views between the parties to a lawsuit, and, if possible, to a full or partial resolution of the matter(s) that are the subject of a contemplated motion." *Magistrate Judge John F. Docherty's Practice Pointers and*

---

[1] While there is no requirement in the Federal Rules of Civil Procedure that a party re-serve discovery requests and re-notice depositions when an opposing party's counsel withdraws, a record of such actions on LikeZebra's part would have been compelling evidence to support an award of costs and fees.

*Preferences*, https://www.mnd.uscourts.gov/judges-practice-pointers, at 3 (last visited February 28, 2022). This is even more true in this case, when the counsel with whom LikeZebra communicated in July of 2021 has since left the case. Given how long overdue the discovery responses in this case are, rather than denying LikeZebra's Motion to Compel because of a failure to meet-and-confer as required by the Local Rules, which would probably simply lead to the refiling of the present motion at a later date, the Court will proceed as follows.

The Court anticipates that this Order, clearly laying out exactly what Plaintiffs need to do and by when they need to do it, will serve as a road map for Mr. Halla and result in this long-overdue discovery being completed and returned. Because Plaintiffs are pro se, the Court wants to make clear to Plaintiffs that they are now under a Court order to respond to LikeZebra's discovery requests. Should Plaintiffs still not fulfill the obligations expected of a party who initiates a lawsuit in federal district court, the Court will consider sanctions up to and including recommending that this lawsuit be dismissed for failure to diligently prosecute. *See* Fed. R. Civ. P. 41(b) (discussing involuntary dismissal where a plaintiff "fails to prosecute or to comply with these rules or a court order"). The Court therefore finds that a deferral of any decision regarding sanctions is appropriate here. A decision on the matter of any sanctions will not be made until after the Court observes the conduct of the parties within the next 21 days. LikeZebra is cautioned to meet and confer before bringing any further motions, and the Court makes clear that the decision not to demand strict compliance with Local Rule 7.1 in this Order is a function of the specific facts of this

case. It should not be taken as an indication that the meet-and-confer requirement will be foregone in the future.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant LikeZebra, LLC's Motion to Compel (Dkt. No. 102) is **GRANTED** in part and **DENIED** in part as set forth above;

2. Plaintiff shall, **within 21 days of the date of this Order**, respond in full to Defendant LikeZebra, LLC's Interrogatories, Requests for Production of Documents, and Requests for Admission; and

3. Plaintiff shall appear for his deposition at a time and date to be noticed by Defendant LikeZebra, LLC.

Dated: February 28, 2022         *s/ John F. Docherty*
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge